LETITIA JAMES
Attorney General for the State of New York
STEPHEN C. THOMPSON
Special Counsel
Rabia Muqaddam
Chief Counsel for Federal Initiatives
Patrick Gibson
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6183
Email: Stephen.Thompson@ag.ny.gov

*Attorneys for the State of New York*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, | Case No. 6:25-cv-02384-AA |
| Plaintiffs, | |
| v. | DECLARATION OF MEGHAN SPOONER IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| RUSSELL T. VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*, | |
| Defendants. | |

## <u>DECLARATION OF MEGHAN SPOONER</u>

I, Meghan Spooner, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct:

1. I am a Paralegal in the Civil Division for the Rhode Island Office of the Attorney General. The Attorney General of Rhode Island is the state's chief legal officer charged with the enforcement of Rhode Island law.

2. As a Paralegal, a position I have held since 2023, I am part of the Public Protection Bureau – which is compromised of four units – healthcare, consumer and economic justice, environmental and energy and civil and community rights. The Public Protection Bureau is located within the Office of the Attorney General's Civil Division. Each of the PPB units affirmatively develops legal work and initiatives by using the legal authority of the Office of Attorney General to advance and protect dignity, quality of life and equity for all Rhode Islanders. As a result, I am familiar with the information in the statements set forth below either through personal knowledge, consultation with Attorney General staff, or from my review of relevant documents and information.

3. Through my work as a Paralegal in the Attorney General's Office I am familiar with the Consumer Financial Protection Bureau ("CFPB") Consumer Response System and its use by the Office of the Attorney General for the State of Rhode Island (the "OAG").

4. The Consumer Response System, which was mandated by the Dodd Frank Act, is a system for collecting, tracking, sharing, and facilitating responses to consumer complaints across the spectrum of consumer financial products. The Consumer Response System includes, among other things, a statutorily required database of consumer complaints, 12 U.S.C. § 5493(b)(3)(A),

Page 2 - Declaration of Meghan Spooner in Support of Plaintiffs' Motion for Partial Summary Judgment

statutorily required "procedures to provide a timely response to consumers," 12 U.S.C. § 5534(a), and statutorily required data sharing to states and other entities, 12 U.S.C. § 5493(b)(3)(D).

5.      According to the CFPB's 2024 Consumer Response Annual Report,[1] the CFPB received 3,187,884 complaints in 2024, including 6,766 complaints from consumers in Rhode Island. According to the publicly searchable version of the CR Database,[2] consumers filed 5,533,692 complaints with the CFPB in 2025, including 13,097 complaints from consumers in Rhode Island. According to the publicly searchable version of the Consumer Response Database, the top five issues complained of by consumers nationwide in 2025 were (1) incorrect information on credit report, (2) improper use of credit report, (3) problem with a company's investigation into an existing problem, (4) attempts to collect debts not owed, and (5) written notification about a debt. The top five issues complained of by Rhode Island consumers in 2025 were the same: (1) incorrect information on credit report, (2) improper use of credit report, (3) problem with a company's investigation into an existing problem, (4) attempts to collect debts not owed, and (5) written notification about a debt. Being able to track and monitor complaints and trends from consumer complaints nationwide and in my state is vital to my work protecting consumers in Rhode Island.

6.      Covered persons subject to supervision and enforcement by the CFPB are required to file a timely response to consumer complaints that come in through the Consumer Response System. 12 U.S.C. § 5534(b). According to the 2024 Consumer Response Annual Report, companies claim to have provided $93,519,454 in monetary relief to consumers who filed complaints with the CFPB in 2024, including $163,808 to Rhode Island consumers.

---

[1]  https://files.consumerfinance.gov/f/documents/cfpb_cr-annual-report_2025-05.pdf
[2]  https://www.consumerfinance.gov/data-research/consumer-complaints/search/

Page 3 - Declaration of Meghan Spooner in Support of Plaintiffs' Motion for Partial Summary Judgment

7.    As required by 12 U.S.C. § 5493(b)(3)(D), the CFPB has shared consumer complaint information with the states, including Rhode Island.

8.    Since I joined the OAG in 2023, I have had access to the CFPB Consumer Response Government Portal ("Consumer Response Government Portal"). Access to the Consumer Response Government Portal is limited to law enforcement and includes consumer contact information, company responses, and attachments, in addition to the complaint narratives that are available in the publicly searchable database. To gain access to the Consumer Response Government Portal, I understand that my office agreed to a Government Portal Agreement that addresses data confidentiality and data security.

9.    I, and others in my office, use the Consumer Response Government Portal to review complaints, consumer contact information, company responses, and attachments. Access to the Consumer Response Government Portal is critical to the work of the OAG. We rely on access to the thousands of complaints filed with the CFPB every year to open and conduct investigations, support litigation, and conduct other law enforcement work.

10.    Consumers often attach documents in support of the complaints they make to the Consumer Response System. Likewise, companies often attach documents to support their responses to the consumer's complaint. These documents are available to me and those in my office through the Consumer Response Government Portal. They are not available through any other database. The documents provide important information and context to the complaint or response that is useful in my office's work.

11.    I, and others in my office, also have access to the FTC Consumer Sentinel Database, and use it for our work, but unlike the Consumer Response Government Portal, it does not provide us with company responses to the complaints or attachments submitted by consumers and companies,

Page 4 - Declaration of Meghan Spooner in Support of Plaintiffs' Motion for Partial Summary Judgment

both of which are valuable to our office's consumer protection work. Company responses and documentation provided by consumers and companies provide a greater understanding of the consumer's complaint and the company's response. The company's response is particularly valuable to our work because it can contain an explanation for what happened or an admission of wrongdoing, each of which saves my office critical time and resources.

12.     The Rhode Island Attorney General's office also refers certain complaints from Rhode Island residents to the CFPB for resolution through the Consumer Response Complaint System. From 2023 to the present, Rhode Island referred approximately over 200 consumer complaint intakes to the CFPB. Were the CFPB to shutter, my state would not have the ability to refer residents to the Consumer Response Complaint System.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my personal knowledge.

Executed this 8th day of January 8, 2026, in the city of Providence in the State of Rhode Island.

s/ Meghan Spooner
Meghan Spooner
Paralegal
Rhode Island Office of the Attorney General
Civil Division

Page 4 - Declaration of Meghan Spooner in Support of Plaintiffs' Motion for Partial Summary Judgment