BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Special Counsel
Federal Programs Branch

ALEXANDER J. YUN
Trial Attorney
 (DC Bar No. 90028923)

    U.S. Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street NW
    Washington, D.C. 20005
    202-674-0255
    Alex.Yun@usdoj.gov

*Counsel for Defendants Vought and CFPB*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>RUSSEL VOUGHT, in his official capacity As acting director of the Consumer Financial Protection Bureau, et al.,<br><br>    Defendants | Case No. 6:25-cv-02384-AA<br><br>**CFPB DEFENDANTS' UNOPPOSED MOTION TO STAY DEFENDANTS' DEADLINE TO RESPOND TO COMPLAINT** |

Defendants Russell T. Vought, in his official capacity as Acting Director of the Consumer Financial Protection Bureau ("CFPB"), and the CFPB (collectively, the "CFPB Defendants"), respectfully request that the Court stay Defendants' deadline to respond to Plaintiffs' Complaint until the Court resolves Plaintiffs' partial summary judgment motion. Plaintiffs filed their Complaint on December 22, 2025, Dkt. No. 1, and served the U.S. Attorney's Office that same day, Dkt. No. 5. Accordingly, Defendants' deadline to respond to the Complaint is February 20, 2026. *See* Fed. R. Civ. P. 12(a)(2).

A stay of the response deadline would promote efficiency and conserve judicial and party resources. The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In this case, Plaintiffs have already moved for partial summary judgement, Dkt. No. 28, and Defendants responded to that motion on February 11, 2026, Dkt. Nos. 65, 66. Thus, requiring Defendants to respond to the complaint while the partial summary judgment motion is pending would place an unnecessary burden on the parties and the Court. Accordingly, the Court should exercise its discretion and stay Defendants' obligation to respond to the complaint until 30 days after it resolves Plaintiffs' partial summary judgment motion.

Pursuant to Local Rule 7-1, the CFPB Defendants have conferred with counsel for Plaintiffs and for Defendant Board of Governors of the Federal Reserve System (the "Fed") regarding this motion, and neither Plaintiffs nor the Fed object to the requested stay.

DATED: February 18, 2026                    Respectfully submitted,

                                                       BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BRAD P. ROSENBERG

Special Counsel
Federal Programs Branch

*/s/ Alexander J. Yun*
ALEXANDER J. YUN
Trial Attorney
(DC Bar No. 90028923)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
202-674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants Vought and CFPB*