# Exhibit A

cfpb Consumer Financial Protection Bureau

1700 G Street NW, Washington, D.C. 20552

November 20, 2025

The Honorable Donald J. Trump
President of the United States
The White House
1600 Pennsylvania Ave., NW
Washington, D.C. 20500

Mr. President:

This letter constitutes the report required by 12 U.S.C. § 5497(e)(1)(B). I have determined that the sums available to the Bureau under 12 U.S.C. § 5497(a) will not be sufficient to carry out the authorities of the Bureau under Federal consumer financial law for Fiscal Year 2026. I make this determination on the basis of the conclusion of the Office of Legal Counsel (OLC) within the Department of Justice that there are no funds legally available for the Bureau to request from the Federal Reserve System under 12 U.S.C. § 5497.

The Consumer Financial Protection Act requires the Board of Governors of the Federal Reserve System to transfer each quarter an "amount determined by the Director to be reasonably necessary" "from the combined earnings of the Federal Reserve System" for the Bureau of Consumer Financial Protection to carry out its authorities under law. 12 U.S.C. § 5497(a)(1).

Congress devised the scheme set out in 12 U.S.C. § 5497 to fund the Bureau outside of the ordinary appropriations process and the public accountability that comes with it. By relying on this mechanism, there was always the possibility that the Federal Reserve System would have no combined earnings out of which the Bureau can be funded. OLC has determined that the term "combined earnings" refers to the profits of the Federal Reserve System. Because the Federal Reserve System currently has no profits, OLC has concluded that the Federal Reserve System has no combined earnings from which the Bureau can legally request funds at this time.

Any funding needs of the Bureau will necessarily exceed the amount currently available for the Bureau to request under 12 U.S.C. § 5497, which is legally $0. The Bureau estimates that it will run out of funds at some point in the first quarter of Fiscal Year 2026. The Bureau's "funding need" for Fiscal Year 2026 is $279,566,358.82. To be clear, this figure is provided solely to make

the statutorily required report setting out the "funding needs" of the Bureau if the funding mechanism at § 5497(a) is insufficient.[1]

Sincerely,

Russell T. Vought
Acting Director

The assets and liabilities of the Bureau are listed in the following table:

| | | |
|---|---|---|
| **FY 2025** | **Unobligated Balance, as of 11-17-25** | **$ 116.53** |
| | | |
| **FY 2026** | **Total Pending Obligations as of 11-17-25** | **$ (45.74)** |
| | Non-Pay Obligations | $ (14.04) |
| | Pay Obligations | $ (31.70) |
| | **Available Unobligated Balance** | **$ 70.79** |

Bureau Fund Available Balances as of 11-17-25 *(in millions)*

[1] The Bureau is currently under a court order restraining it from conducting reductions in force, cancelling contracts, and taking other actions to streamline the Bureau's functions. On August 15, 2025, the D.C. Circuit issued an opinion vacating that injunction. However, the district court's original injunction remains in force while the full D.C. Circuit decides whether to rehear the case en banc. Despite Congress cutting the Bureau's funding cap on funds transferred under § 5497(a) to 6.5% (approximately $466.80 million) of the Federal Reserve System's operating expenses, the court order requires the Bureau to operate at levels consistent with the since-repealed 12% funding cap (approximately $785 million). To comply with the court order, the Bureau's "funding needs" would be $677,493,173 million for Fiscal Year 2026, which exceeds the funding available under § 5497(a) ($0).

Consumer Financial Protection Bureau
1700 G Street NW, Washington, D.C. 20552

November 20, 2025

The Honorable Susan M. Collins
Chair
Committee on Appropriations
United States Senate
Washington, D.C. 20501

Chair Collins:

This letter constitutes the report required by 12 U.S.C. § 5497(e)(1)(B). I have determined that the sums available to the Bureau under 12 U.S.C. § 5497(a) will not be sufficient to carry out the authorities of the Bureau under Federal consumer financial law for Fiscal Year 2026. I make this determination on the basis of the conclusion of the Office of Legal Counsel (OLC) within the Department of Justice that there are no funds legally available for the Bureau to request from the Federal Reserve System under 12 U.S.C. § 5497.

The Consumer Financial Protection Act requires the Board of Governors of the Federal Reserve System to transfer each quarter an "amount determined by the Director to be reasonably necessary" "from the combined earnings of the Federal Reserve System" for the Bureau of Consumer Financial Protection to carry out its authorities under law. 12 U.S.C. § 5497(a)(1).

Congress devised the scheme set out in 12 U.S.C. § 5497 to fund the Bureau outside of the ordinary appropriations process and the public accountability that comes with it. By relying on this mechanism, there was always the possibility that the Federal Reserve System would have no combined earnings out of which the Bureau can be funded. OLC has determined that the term "combined earnings" refers to the profits of the Federal Reserve System. Because the Federal Reserve System currently has no profits, OLC has concluded that the Federal Reserve System has no combined earnings from which the Bureau can legally request funds at this time.

Any funding needs of the Bureau will necessarily exceed the amount currently available for the Bureau to request under 12 U.S.C. § 5497, which is legally $0. The Bureau estimates that it will run out of funds at some point in the first quarter of Fiscal Year 2026. The Bureau's "funding need" for Fiscal Year 2026 is $279,566,358.82. To be clear, this figure is provided solely to make

the statutorily required report setting out the "funding needs" of the Bureau if the funding mechanism at § 5497(a) is insufficient.[1]

Sincerely,

Russell T. Vought
Acting Director

The assets and liabilities of the Bureau are listed in the following table:

| | | |
|---|---|---|
| **FY 2025** | **Unobligated Balance, as of 11-17-25** | **$ 116.53** |
| | | |
| **FY 2026** | **Total Pending Obligations as of 11-XX-25** | **$ (45.74)** |
| | Non-Pay Obligations | $ (14.04) |
| | Pay Obligations | $ (31.70) |
| | **Available Unobligated Balance** | **$ 70.79** |

Bureau Fund Available Balances as of 11-17-25 *(in millions)*

[1] The Bureau is currently under a court order restraining it from conducting reductions in force, cancelling contracts, and taking other actions to streamline the Bureau's functions. On August 15, 2025, the D.C. Circuit issued an opinion vacating that injunction. However, the district court's original injunction remains in force while the full D.C. Circuit decides whether to rehear the case en banc. Despite Congress cutting the Bureau's funding cap on funds transferred under § 5497(a) to 6.5% (approximately $466.80 million) of the Federal Reserve System's operating expenses, the court order requires the Bureau to operate at levels consistent with the since-repealed 12% funding cap (approximately $785 million). To comply with the court order, the Bureau's "funding needs" would be $677,493,173 million for Fiscal Year 2026, which exceeds the funding available under § 5497(a) ($0).

cfpb Consumer Financial Protection Bureau
1700 G Street NW, Washington, D.C. 20552

November 20, 2025

The Honorable Patty Murray
Vice Chair
Committee on Appropriations
United States Senate
Washington, D.C. 20510

Vice Chair Murray:

This letter constitutes the report required by 12 U.S.C. § 5497(e)(1)(B). I have determined that the sums available to the Bureau under 12 U.S.C. § 5497(a) will not be sufficient to carry out the authorities of the Bureau under Federal consumer financial law for Fiscal Year 2026. I make this determination on the basis of the conclusion of the Office of Legal Counsel (OLC) within the Department of Justice that there are no funds legally available for the Bureau to request from the Federal Reserve System under 12 U.S.C. § 5497.

The Consumer Financial Protection Act requires the Board of Governors of the Federal Reserve System to transfer each quarter an "amount determined by the Director to be reasonably necessary" "from the combined earnings of the Federal Reserve System" for the Bureau of Consumer Financial Protection to carry out its authorities under law. 12 U.S.C. § 5497(a)(1).

Congress devised the scheme set out in 12 U.S.C. § 5497 to fund the Bureau outside of the ordinary appropriations process and the public accountability that comes with it. By relying on this mechanism, there was always the possibility that the Federal Reserve System would have no combined earnings out of which the Bureau can be funded. OLC has determined that the term "combined earnings" refers to the profits of the Federal Reserve System. Because the Federal Reserve System currently has no profits, OLC has concluded that the Federal Reserve System has no combined earnings from which the Bureau can legally request funds at this time.

Any funding needs of the Bureau will necessarily exceed the amount currently available for the Bureau to request under 12 U.S.C. § 5497, which is legally $0. The Bureau estimates that it will run out of funds at some point in the first quarter of Fiscal Year 2026. The Bureau's "funding need" for Fiscal Year 2026 is $279,566,358.82. To be clear, this figure is provided solely to make

the statutorily required report setting out the "funding needs" of the Bureau if the funding mechanism at § 5497(a) is insufficient.[1]

Sincerely,

Russell T. Vought
Acting Director

The assets and liabilities of the Bureau are listed in the following table:

| | | |
|---|---|---|
| **FY 2025** | **Unobligated Balance, as of 11-17-25** | **$ 116.53** |
| | | |
| **FY 2026** | **Total Pending Obligations as of 11-17-25** | **$ (45.74)** |
| | Non-Pay Obligations | $ (14.04) |
| | Pay Obligations | $ (31.70) |
| | **Available Unobligated Balance** | **$ 70.79** |

Bureau Fund Available Balances as of 11-17-25 *(in millions)*

[1] The Bureau is currently under a court order restraining it from conducting reductions in force, cancelling contracts, and taking other actions to streamline the Bureau's functions. On August 15, 2025, the D.C. Circuit issued an opinion vacating that injunction. However, the district court's original injunction remains in force while the full D.C. Circuit decides whether to rehear the case en banc. Despite Congress cutting the Bureau's funding cap on funds transferred under § 5497(a) to 6.5% (approximately $466.80 million) of the Federal Reserve System's operating expenses, the court order requires the Bureau to operate at levels consistent with the since-repealed 12% funding cap (approximately $785 million). To comply with the court order, the Bureau's "funding needs" would be $677,493,173 million for Fiscal Year 2026, which exceeds the funding available under § 5497(a) ($0).

Consumer Financial Protection Bureau
1700 G Street NW, Washington, D.C. 20552

November 20, 2025

The Honorable Thomas J. Cole
Chairman
Committee on Appropriations
United States House of Representatives
Washington, D.C. 20501

Chairman Cole:

This letter constitutes the report required by 12 U.S.C. § 5497(e)(1)(B). I have determined that the sums available to the Bureau under 12 U.S.C. § 5497(a) will not be sufficient to carry out the authorities of the Bureau under Federal consumer financial law for Fiscal Year 2026. I make this determination on the basis of the conclusion of the Office of Legal Counsel (OLC) within the Department of Justice that there are no funds legally available for the Bureau to request from the Federal Reserve System under 12 U.S.C. § 5497.

The Consumer Financial Protection Act requires the Board of Governors of the Federal Reserve System to transfer each quarter an "amount determined by the Director to be reasonably necessary" "from the combined earnings of the Federal Reserve System" for the Bureau of Consumer Financial Protection to carry out its authorities under law. 12 U.S.C. § 5497(a)(1).

Congress devised the scheme set out in 12 U.S.C. § 5497 to fund the Bureau outside of the ordinary appropriations process and the public accountability that comes with it. By relying on this mechanism, there was always the possibility that the Federal Reserve System would have no combined earnings out of which the Bureau can be funded. OLC has determined that the term "combined earnings" refers to the profits of the Federal Reserve System. Because the Federal Reserve System currently has no profits, OLC has concluded that the Federal Reserve System has no combined earnings from which the Bureau can legally request funds at this time.

Any funding needs of the Bureau will necessarily exceed the amount currently available for the Bureau to request under 12 U.S.C. § 5497, which is legally $0. The Bureau estimates that it will run out of funds at some point in the first quarter of Fiscal Year 2026. The Bureau's "funding need" for Fiscal Year 2026 is $279,566,358.82. To be clear, this figure is provided solely to make

the statutorily required report setting out the "funding needs" of the Bureau if the funding mechanism at § 5497(a) is insufficient.[1]

Sincerely,

Russell T. Vought
Acting Director

The assets and liabilities of the Bureau are listed in the following table:

| | | |
|---|---|---|
| **FY 2025** | **Unobligated Balance, as of 11-17-25** | **$ 116.53** |
| | | |
| **FY 2026** | **Total Pending Obligations as of 11-17-25** | **$ (45.74)** |
| | Non-Pay Obligations | $ (14.04) |
| | Pay Obligations | $ (31.70) |
| | **Available Unobligated Balance** | **$ 70.79** |

Bureau Fund Available Balances as of 11-17-25 *(in millions)*

[1] The Bureau is currently under a court order restraining it from conducting reductions in force, cancelling contracts, and taking other actions to streamline the Bureau's functions. On August 15, 2025, the D.C. Circuit issued an opinion vacating that injunction. However, the district court's original injunction remains in force while the full D.C. Circuit decides whether to rehear the case en banc. Despite Congress cutting the Bureau's funding cap on funds transferred under § 5497(a) to 6.5% (approximately $466.80 million) of the Federal Reserve System's operating expenses, the court order requires the Bureau to operate at levels consistent with the since-repealed 12% funding cap (approximately $785 million). To comply with the court order, the Bureau's "funding needs" would be $677,493,173 million for Fiscal Year 2026, which exceeds the funding available under § 5497(a) ($0).

Consumer Financial Protection Bureau
1700 G Street NW, Washington, D.C. 20552

November 20, 2025

The Honorable Rosa DeLauro
Ranking Member
Committee on Appropriations
U.S. House of Representatives
Washington, D.C. 20515

Ranking Member DeLauro:

This letter constitutes the report required by 12 U.S.C. § 5497(e)(1)(B). I have determined that the sums available to the Bureau under 12 U.S.C. § 5497(a) will not be sufficient to carry out the authorities of the Bureau under Federal consumer financial law for Fiscal Year 2026. I make this determination on the basis of the conclusion of the Office of Legal Counsel (OLC) within the Department of Justice that there are no funds legally available for the Bureau to request from the Federal Reserve System under 12 U.S.C. § 5497.

The Consumer Financial Protection Act requires the Board of Governors of the Federal Reserve System to transfer each quarter an "amount determined by the Director to be reasonably necessary" "from the combined earnings of the Federal Reserve System" for the Bureau of Consumer Financial Protection to carry out its authorities under law. 12 U.S.C. § 5497(a)(1).

Congress devised the scheme set out in 12 U.S.C. § 5497 to fund the Bureau outside of the ordinary appropriations process and the public accountability that comes with it. By relying on this mechanism, there was always the possibility that the Federal Reserve System would have no combined earnings out of which the Bureau can be funded. OLC has determined that the term "combined earnings" refers to the profits of the Federal Reserve System. Because the Federal Reserve System currently has no profits, OLC has concluded that the Federal Reserve System has no combined earnings from which the Bureau can legally request funds at this time.

Any funding needs of the Bureau will necessarily exceed the amount currently available for the Bureau to request under 12 U.S.C. § 5497, which is legally $0. The Bureau estimates that it will run out of funds at some point in the first quarter of Fiscal Year 2026. The Bureau's "funding need" for Fiscal Year 2026 is $279,566,358.82. To be clear, this figure is provided solely to make

the statutorily required report setting out the "funding needs" of the Bureau if the funding mechanism at § 5497(a) is insufficient.[1]

Sincerely,

Russell T. Vought
Acting Director

The assets and liabilities of the Bureau are listed in the following table:

| | | |
|---|---|---|
| **FY 2025** | **Unobligated Balance, as of 11-17-25** | **$ 116.53** |
| | | |
| **FY 2026** | **Total Pending Obligations as of 11-17-25** | **$ (45.74)** |
| | Non-Pay Obligations | $ (14.04) |
| | Pay Obligations | $ (31.70) |
| | **Available Unobligated Balance** | **$ 70.79** |

Bureau Fund Available Balances as of 11-17-25 *(in millions)*

[1] The Bureau is currently under a court order restraining it from conducting reductions in force, cancelling contracts, and taking other actions to streamline the Bureau's functions. On August 15, 2025, the D.C. Circuit issued an opinion vacating that injunction. However, the district court's original injunction remains in force while the full D.C. Circuit decides whether to rehear the case en banc. Despite Congress cutting the Bureau's funding cap on funds transferred under § 5497(a) to 6.5% (approximately $466.80 million) of the Federal Reserve System's operating expenses, the court order requires the Bureau to operate at levels consistent with the since-repealed 12% funding cap (approximately $785 million). To comply with the court order, the Bureau's "funding needs" would be $677,493,173 million for Fiscal Year 2026, which exceeds the funding available under § 5497(a) ($0).